**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 122403

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Senaida Maldonado,<br><br>    Plaintiff,<br><br>    v.<br><br>Municipal Credit Union<br><br>    Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br>And<br><br>JURY TRIAL DEMANDED |

  Senaida Maldonado ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Municipal Credit Union (hereinafter referred to as "*MCU*", or "*Furnisher*" or "*Defendant*") as follows:

**INTRODUCTION**

  1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq* individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

  2. This action is commenced against the Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for the

  3. ir failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of dispute and failing to delete, correct or block the inaccurate information.

  4. Plaintiff settled a debt with Defendant and that debt continued to report the full balance as due and owing and as unpaid on Plaintiff's consumer credit report.

1

5. Despite Defendant's receipt of a dispute letter from the consumer reporting agencies, which specifically request correcting the erroneous balance, Defendant continued report the inaccurate information on Plaintiff's consumer credit report.

6. Plaintiff has been attempting to refinance her home and this inaccurate reporting has caused her actual damage.

7. Actual damage suffered by the Plaintiff includes but is not limited mental and emotion trauma; anxiety; economic damages from fees incurred and time spent to clear up this issue, the increased mortgage interest rate she must now pay as a direct result of this misreporting and other related financing fees.

8. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of misconduct Defendant's erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score.  As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

9. Plaintiff and the Class seeks to recover monetary damages for Defendant's violations of the FCRA and to have an order issued by this court enjoining Defendant from persisting in its violative behaviors including implementing procedures to prevent further instances of what should be a preventable problem.

## JURISDICTION AND VENUE

10. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

11. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains offices in this judicial district.

## PARTIES

12. Plaintiff Senaida Maldonado is an individual who is a citizen of the State of New York residing in Nassau County, New York.

13. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

14. Defendant MCU is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b).

15. Defendant MCU is a New York state chartered credit union headquartered in New York, New York.

16. MCU is an entity, who regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

## SUBSTANTIVE ALLEGATIONS OF FCRA

17. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

18. The FCRA mandates that Furnishers apply by the following duties: (i) to report accurate information (ii) to investigate all relevant facts and circumstances surrounding a dispute by consumers received from a consumer reporting agency to appropriately and timely correct any inaccuracies, including by quickly notifying the consumer reporting agencies of the correct information or removing the account.

19. Defendant reports information concerning Plaintiff's payment history and account status which along with other tradelines creates a profile of the Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then compiled by consumer reporting agencies and made available for use by third parties in credit transactions

3

involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

20. Plaintiff has a legally protected interest in the Defendant fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

21. Plaintiff's injury is particularized and actual and is directly traceable to Defendant's conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

22. On a date better known by Defendant, Plaintiff opened an account with Defendant (Hereinafter referred to as "MCU Account") with the account ending in 5062.

23. After financial difficulty caused non-payment on the MCU Account the Plaintiff became delinquent and on a date better known by Defendant, the MCU Account was eventually charged off and sent to collection.

24. On a date better known by Defendant, non-party debt collection agency "Recovery's Unlimited Inc." (Hereinafter non-party is referred to as "RUI") was assigned by Defendant to collect on this MCU Account.

25. On September 28, 2017, Plaintiff through her agent entered into a settlement agreement in writing with RUI for $4,134.21 which upon receipt would satisfy the debt in full with no remaining balance. A copy of this settlement agreement is annexed hereto as **Exhibit A**.

26. Plaintiff completed the settlement agreement which over an eight (8) month span required 7 payments of $516 and a final payment of $522.21.

27. On or before March 17, 2021, when Plaintiff's reviewed her credit report she was shocked to find that the MCU Acount she settled nearly three years prior continued to report an erroneous balance of $4,505 and an unpaid charge off status on Plaintiff's Experian and TransUnion consumer credit reports.

28. For a reason better known to MCU, the MCU Account as a whole did not appear on Plaintiff's Equifax consumer credit report at all.

29. The continued reporting of this erroneous delinquent balance on the MCU account has created and continues to create a significant hurdle for Defendant's refinance and tremendous stress and anxiety.

30. As such, in order to correct this error on or around March 18, 2021, dispute letters were sent to non-party consumer reporting agencies Experian and TransUnion pursuant to 15 U.S.C. § 1681i of the FCRA.

31. This dispute letter specifically referenced this MCU Account, disputed the balance as incorrect, and requested that they correct or delete the MCU Account from the report.

32. Consistent with their duty under 15 U.S.C. § 1681i(a)(2)(A), upon receipt of the dispute letter, Experian and TransUnion provided notification of the dispute to the Defendant including all relevant information regarding the dispute that the agency has received.

33. Defendant received the dispute letter and in response to Plaintiff's dispute, Defendants wrongly verified that the $4,505 balance and charge off status as accurate.

34. Making matters worse, Defendant then began reporting the MCU account with the charged off $4,505 balance to non-party consumer reporting agency Equifax, whereas it was not there prior to the dispute.

35. Notwithstanding the fact that after nearly three years, Defendant should already be aware of the settlement, had Defendant conducted a reasonable investigation into Plaintiff's dispute, they would have communicated with their authorized debt collection agency RUI, which would have informed them of the fact that the account was settled subject to a settlement agreement which Plaintiff completed.

36. Upon such verification, Plaintiff's MCU Account should have been updated to reflect a zero balance and the account status marked paid/settled.

37. To compound this, it is worth noting that the Plaintiff has called MCU and even visited a branch in person to their office to dispute this issue and it remains unresolved.

38. MCU representatives have confirmed receipt of the payments consistent with the terms of the attached settlement agreement, but MCU does not have the account marked as settled.

39. Furnisher's failure to reasonably investigate and respond to Plaintiff's dispute negatively affected Plaintiff's credit score, credit worthiness and caused her emotional and financial distress.

40. As a result of Defendant's failure to properly respond to the dispute and correct the reporting or delete the MCU Account tradeline, Plaintiff has suffered increased stress, anxiety, sleepless nights.

41. Due to Defendant's failure to properly investigate Plaintiff's dispute, Plaintiff was subject to the loss of a better interest rate for her refinance and as further frustration and financial injury.

42. The only concession Defendant has predatorily offered to Plaintiff is the option to settle the MCU Account (again) for approximately $2,000. This is akin to extortion.

43. In light of the deadline Plaintiff has to close on the mortgage and maintain the current interest rate and terms, in the event that Plaintiff is forced to accept this predatory settlement offer from MCU, in order to allow her to close on her mortgage, Plaintiff seeks remuneration for any such payment.

44. Plaintiff has invested extra time, energy and paid extra fees in order to resolve this incorrect and wrongful credit reporting from this specific MCU Account and demands restitution as this is all a result of not only MCU's misreporting, but also their failure to perform a reasonable investigation after the dispute to mitigate any damage to the Plaintiff.

45. Plaintiff is distressed, emotionally exhausted over this ordeal which is a direct result of MCU's conduct.

46. Multiple lawsuits have been filed against Defendant for this identical conduct of Defendant or their agent entering into a settlement agreement and failing to update their system and the credit report to reflect the settlement, even after receiving dispute letters demanding that they do so.

47. Other examples of such FCRA cases filed against MCU for this reason are listed below under the following case numbers:

    a. 1:20-cv-09771-ALC | Jose Rivera v. Municipal Credit Union
    b. 1:20-cv-09772-AT | Kevin Ferraro v. Municipal Credit Union
    c. 1:20-cv-08488-JMF | Eddie Rolon, Jr. v. Municipal Credit Union
    d. 6:20-cv-01743-RBD-LRH | Marc Rosario v. Municipal Credit Union
    e. 1:18-cv-01655-LGS | Peter O'Connor v. Municipal Credit Union

**CLASS ALLEGATIONS**

48.     Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Class") consisting of:

a.     CLASS A: a) All consumers who have an address the state of New York b) who have an account in collections with MCU c) which accounts have been assigned to RUI or any other debt collection agency or company for collections d) which accounts have received payments since being assigned as a collection/charge off account and sent to RUI for handling e) which accounts continue to report a balance on any or all of the consumer's credit report

b.     CLASS B: a) All consumers who have an address the state of New York b) who have an account in collections with MCU c) which accounts have been assigned to RUI or any other debt collection agency or company for collections d) which accounts have received payments since being assigned as a collection/charge off account and sent to RUI for handling e) which accounts continue to report a balance on any or all of the consumer's credit report f) which Defendant has received a dispute letter from a consumer through on of the consumer reporting agencies (Experian, TransUnion, Equifax) disputing the balance owed on an account g) which Defendant did not alter the balance amount or remove the account from the consumer's credit report.

49.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

50.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

51.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant or Defendant's agents violated 15 U.S.C. § 1681s-2 by failing to accurately report balances and statuses of settled accounts and whether Defendant failed to perform reasonable investigations of disputes received from the consumer credit reporting agencies

7

regarding incorrect balances of accounts that received payments after being in collections and/or were settled.

52. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

53. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

54. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity**: The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant or Defendant's agents violated 15 U.S.C. § 1681s-2 by failing to accurately report balances and the current status of settled accounts and whether Defendant failed to perform reasonable investigations of disputes received from the consumer credit reporting agencies regarding incorrect balances of accounts that received payments after being in collections and/or were settled.

(c) **Typicality**: The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy**: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have alsoretained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority**: A class action is superior to the other available mean for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

55. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58. At all times pertinent hereto, the Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

59. The Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

60. The Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the dispute item from a consumer reporting agency.

61. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

62. Consumer reporting agencies Experian and TransUnion notified the Defendant of Plaintiff's March 18, 2021 dispute.

63. Upon information and belief, Furnisher received the notice of dispute and all relevant information from at least one if not both Experian and TransUnion.

64. Upon information and believe, after receiving notice of the dispute from Experian and/or TransUnion, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, properly and in good faith investigate Plaintiff's disputes.

65. The Defendant failed to investigate and/or reasonably investigate Plaintiff's dispute and failed to correct or remove the inaccurate information from the account and credit report.

66. The Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

67. The Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

68. The Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

69. The Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

70. The Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

71. The Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

72. The Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

73. As a direct result of the Defendant's conduct, Plaintiff suffered damages, mental and emotional pain, anguish, and hopelessness.

74. Further, Plaintiff suffered actual damages including the time and money spent to obtain credit reports, submit disputes to the consumer reporting agencies, the hours spent calling MCU which has an onerous wait time as well as the time and money spent to go to MCU in person regarding this account.

75. Plaintiff suffered actual damages, which were further described above.

76. The Defendant's conduct was willful in that they became aware of the settlement of the debt and continued to report the debt to the consumer reporting agencies even after receiving dispute letters, phone calls and a personal visit from the Defendant informing them of this discrepancy and dispute.

77. The Defendant was willful in exhibiting a reckless disregard and unjustifiably high risk to the Plaintiff when it failed to conduct a reasonable investigation and act accordingly upon investigating.

78. The Defendant is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79. In the alternative, the Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

80. For the foregoing reasons, the Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

81. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class respectfully request judgment be entered against Defendants, as follows:

    a    Adjudging that Defendant actions violated the FCRA; and

    b    Granting Plaintiff and the Class actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c   Granting Plaintiff and the Class statutory damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d   Granting Plaintiff and the Class punitive damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(2);

e   Granting Plaintiff and the Class costs and reasonable attorney's fees against the Defendant pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

f   Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

g   Such other and further relief as the Court determines is just and proper.

DATED: May 20, 2021

                    **BARSHAY SANDERS, PLLC**
                    By: */s Alain Cesar*
                    Alain Cesar, Esq.
                    100 Garden City Plaza, Suite 500
                    Garden City, New York 11530
                    Email: acesar@barshaysanders.com
                    Tel: (516) 203-7600
                    Fax: (516) 282-7878
                    *Attorneys for Plaintiff*
                    Our File No.: 122403